CLD-303                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2051
_____

MATHIS MCMICKLE a/k/a MATHIS AVERY

v.

UNITED STATES OF AMERICA

Mathis McMickle,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-12-cv-00338)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

        Mathis McMickle, a Pennsylvania state prisoner proceeding pro se, appeals from a

judgment of the United States District Court for the Eastern District of Pennsylvania in

favor of the United States in his action under the Federal Tort Claims Act, 28 U.S.C.

§§ 1346(b), 2671-80. For the reasons that follow, we will dismiss McMickle's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

McMickle filed a complaint through counsel alleging that he suffered permanent injuries to his wrists as a result of being transported in handcuffs that were too tight. He claimed that the federal agents negligently placed him in the handcuffs and failed to adjust them when he complained. McMickle sought compensatory damages. The matter went to arbitration and an award was entered in favor of the United States. McMickle, acting without counsel, requested a trial de novo.[1] The case proceeded to a one-day bench trial and judgment was entered in favor of the United States. This appeal followed.

McMickle was notified of the possible dismissal of his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) or possible summary action pursuant to Third Circuit Local Appellate Rule 27.4 and Internal Operating Procedure 10.6 and was afforded an opportunity to submit argument in support of his appeal. McMickle filed a response, but he does not adequately present any issues for our review. McMickle appears to state that conflicting evidence was presented at trial, but that would have been a question for the fact finder to resolve. The District Court stated in an order denying a motion by McMickle for reconsideration that its judgment was based on its credibility determinations and conclusion that McMickle had not met his burden of proving that government agents had breached a duty or caused an injury.

---

[1]McMickle's counsel later moved to withdraw because he did not agree with the request for a trial. The District Court denied the motion because it was filed too late, McMickle and the United States would be prejudiced, and the administration of justice would be hindered.

McMickle also asserts that one of the agents who transported him, Tori Gaskill, did not testify at trial, but he does not explain the circumstances, whether the matter was raised at trial, or how he was prejudiced. McMickle states only that the second agent who transported him, Tom Molena, falsely testified that Gaskill had placed the handcuffs on him. McMickle, however, would have been able to cross-examine Molena as well as testify to his version of the events. McMickle also claimed in District Court that his counsel provided ineffective assistance at trial, but the Sixth Amendment guarantee to effective counsel does not apply in civil cases. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. 1915(e)(2)(B)(i).[2]

---

[2]McMickle did not order the trial transcript as required by Federal Rule of Appellate Procedure 10(b)(1). Failure to order the transcript is also grounds for dismissal of an appeal. 3d Cir. L.A.R. 11.1.